IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY DUSICH, | : | |
|     Plaintiff, | : | Civil Action No. 1:10-cv-1239 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOANNE M. SEELEY, et al., | : | |
|     Defendants | : | |

## **MEMORANDUM**

In his complaint, Plaintiff Jerry Dusich brings a litany of claims against a dozen defendants. (Doc. No. 1.) On August 27, 2010, Defendant Bank of America filed a motion to dismiss the claims stated against it in Counts I, II, VI, and XII of Plaintiff's complaint. (Doc. No. 6.) These four counts represent the only claims pending against Bank of America. (Doc. No. 1.) Bank of America supported its motion with a brief in support. (Doc. No. 7.) Plaintiff failed to respond to Bank of America's motion. On October 5, 2010, this Court ordered Plaintiff to show cause on or before October 12, 2010, why Bank of America's motion to dismiss should not be granted. (Doc. No. 8.) Plaintiff responded on October 12, 2010, with a motion for a twenty day extension of time to prepare an amended complaint in lieu of a brief in opposition to Bank of America's motion to dismiss. (Doc. No. 9.) Plaintiff did not actually file a proposed amended complaint or explain how an amended complaint would cure any of the defects cited in Bank of America's motion to dismiss. (Doc. No. 9.) Bank of America filed a response on October 25, 2010. (Doc. No. 13.) For the following reasons the Court will deny Plaintiff's request for leave to amend and will grant Bank of America's motion to dismiss.[1]

---

[1] The Court notes that Plaintiff's counsel claims that her failure to meet the deadlines in this case is a result of "severe health problems." Bank of America filed its motion to dismiss on

1

## I.    BACKGROUND

According to Plaintiff's complaint, this case arises from a housing fraud scam run by individuals who targeted homeowners facing the loss of their homes. Plaintiff's home was scheduled to be sold at a sheriff's sale on April 28, 2008. (Doc. No. 1 ¶ 19.) In March 2008, two individuals came to Plaintiff's home to notify him of a program offered by Defendant Joanne Seeley, which was purported to assist him with his financial difficulties and allow him to keep his home. (Id. ¶ 18, 23-24.) The following day, Plaintiff met with Seeley at her office where she explained that she could help Plaintiff with his financial problems by having an investor provide the funds necessary to save his home. (Id. ¶ 23-24.) On April 30, 2008, Plaintiff signed a variety of paperwork, including an authorization for S&D Property Solutions, LLC (hereinafter "S&D") to withdraw $950.00 per month from Plaintiff's debit account to pay the investor towards the new mortgage. (Id. ¶ 40-42). Plaintiff asserts that he was not given time to look over the remaining paperwork before signing it, but that he knows he did not sign a deed. (Id. ¶ 43, 47.) However, a deed on Plaintiff's home was recorded. (Id. ¶ 48.) During this time, Plaintiff claims he believed he was only refinancing his home. (Id. ¶¶ 26, 60.)

In fact, various individuals were scheming to take possession of Plaintiff's home. On May 23, 2008, the mortgage on Plaintiff's home, which was held by CitiMortgage, was paid. (Id. ¶ 49.) Jeffrey Deardorff purchased Plaintiff's home with the aid of a mortgage from EverBank. (Id. ¶ 51-52.) Subsequently, EverBank went out of business "due to illegal and

---

August 27, 2010. (Doc. No. 6.) The Court was not made aware of counsel's illness until Plaintiff submitted his response to the Court's show cause order on October 12, 2010. (Doc. No. 9.) No explanation is offered as to why counsel did not bring these problems to the Court's attention before the relevant deadline had passed rather than a month later.

shoddy business practices." (Id. ¶ 53.) Bank of America purchased Deardorff's mortgage from EverBank in a lot purchase. (Id. ¶ 54.) Plaintiff alleges that Bank of America did not pay full value for Deardorff's mortgage and "knew or should have known of the business practices of EverBank when purchasing this loan." (Id. ¶ 55-56.) Further, Plaintiff alleges "upon information and belief, the oversight of this mortgage transfer has involved either Freddie Mac, Fannie Mae and/or the oversight of the Federal Government through acts of various agencies." (Id. ¶ 57.) Plaintiff stopped making regular payments to S&D after November 2008, at which time Plaintiff's daughter was informed by Deardorff that Plaintiff no longer owned his home. (Id. ¶ 59-60.) Plaintiff is currently residing in the home, but alleges that he is in imminent danger of losing his home due to Bank of America's desire to foreclose on the property. (Id. ¶ 61-62.)

## II. STANDARD OF REVIEW

The posture of this case permits the Court to resolve the parties' motions under the same standard of review. Because the time for a "matter of course" amendment allowed by Rule 15 has passed, Plaintiffs "may amend [their] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court is directed to "freely give [such] leave when justice so requires." Id. Here, Bank of America opposes Plaintiffs' motion for leave to amend in part because such motion was not properly raised, and in part because any amendments would be futile. (Doc. No. 13 at 2-4.) "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint,

3

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. Cnty of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

### III. DISCUSSION

Bank of America urges this Court to dismiss all counts raised by Plaintiff against Bank of America. Specifically, Bank of America has moved to dismiss the following claims raised in Plaintiff's complaint: (1) deprivation of the right to property under the Fourteenth Amendment in violation of Section 1983; (2) Pennsylvania state constitutional due process violation; (3) violation of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and

4

(4) negligence. The Court will address each count in turn.[2]

### A. Fourteenth Amendment Claim

In Count I, Plaintiff alleges Bank of America violated his right to due process because Bank of America "[has] not afforded due process to Plaintiff concerning his property rights." (Doc. No. 1 ¶ 68.) To state a claim under Section 1983, Plaintiff must establish two jurisdictional prerequisites. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 946 (1982). First, Plaintiff must allege a violation of a right "secured by the Constitution and laws of the United States." Id. Second, Plaintiff must show that the alleged deprivation was caused by a person acting under color of state law. Id. Bank of America contends that Plaintiff's federal due process claim must fail because a mortgage foreclosure action is not state action for purposes of a Section 1983 claim. (Doc. No. 7 at 9.) The Court agrees.

Plaintiff's complaint does not assert that Bank of America was acting under color of state law. Rather, Plaintiff only makes vague reference to oversight by the government. (Doc. No. 1 ¶ 66.) However, many courts have recognized that a private lender's actions during foreclosure proceedings cannot constitute state action in violation of Section 1983 or the Fourteenth Amendment. See Jacobowitz v. M&T Mortg. Corp., 372 F. App'x 225, 227 (3d Cir. 2010)

---

[2] Under Middle District of Pennsylvania Local Rule 7.6, a party's failure to file a brief in opposition to a motion is to be deemed as a lack of opposition to the motion. See M.D. Pa. L.R. 7.6. If any such motion to dismiss is unopposed, it may be dismissed without a merits analysis. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992). Here, even though he has had ample opportunity to do so, Plaintiff failed to file any brief in opposition to Bank of America's motion to dismiss. The Court notes that an amended complaint with cognizable claims can "moot" an earlier motion to dismiss, see, e.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); however, to date, Plaintiff has not filed an amended complaint. In spite of this failure to respond in any substantive way to Bank of America's motion to dismiss, the Court will consider the motion on the merits.

(finding district court's dismissal of Section 1983 claims against bank proper because "the complaint does not . . . contain any allegations suggesting that M&T was acting under color of state law in effectuating the foreclosure"); Earnest v. Lowentritt, 690 F.2d 1198, 1201-02 (5th Cir. 1982) (finding that, unlike an ex parte situation, "initiation of foreclosure proceedings pursuant to a mortgage implicates no similar 'authority of state law'" and that to hold otherwise would "transform every foreclosure action between private parties into state action of constitutional dimensions") (citations omitted); Zebrowski v. Wells Fargo Bank, N.A., 657 F. Supp. 2d 511, 522 (D.N.J. 2009) (dismissing plaintiffs' Section 1983 claim against bank for failure to plead adequate state action). Because Plaintiff has not alleged any facts suggesting that Bank of America deprived Plaintiff of due process while acting under color of state law, Count I fails against Bank of America.

  **B.**  **State Constitutional Claim**

Plaintiff's claim for violations of the Pennsylvania Constitution also fails. In Count II, it appears that Plaintiff is attempting to assert a state due process claim, alleging that "[Bank of America's] action to use Pennsylvania Law to deprive Plaintiff of his property is due under the color of state law;" "[Bank of America's] action of further using the color of state law is prohibited by the Pennsylvania State Constitution;" and "[Bank of America] has not given Plaintiff proper notice, due process[,] and the ability to be heard on these claims." (Doc. No. 1 ¶¶ 73-75.) These bizarre and conclusory statements are insufficient to state a claim for relief. As with his Section 1983 claim, Plaintiff fails to make any allegations that could support a finding that Bank of America was acting under color of state law. Nor does he explain, assuming Bank of America were a state actor, what process is due. Therefore, because Plaintiff

6

has failed to plead any facts supporting his state constitutional claims, Plaintiff's claim against Bank of America for violations of the Pennsylvania Constitution must be dismissed.

### C. RESPA Claim

In Count VI, Plaintiff makes a claim against Bank of America under RESPA, which prohibits fees or kickbacks for business referrals made pursuant to real estate settlements involving federally related mortgage loans. (Doc. No. 1 ¶¶ 93-98.) Plaintiff supports this claim with two quotations from statutes, a citation to a criminal statute, and a single paragraph, which states, "[t]hese criminal actions were deliberate and violated the duties towards the seller, Plaintiff Dusich." (Id.) Count VI is without any foundation in law or in fact. The Court declines to follow Plaintiff down the proverbial rabbit hole, and will grant Bank of America's motion to dismiss this claim.

Plaintiff quotes 12 U.S.C. § 2603(a)'s requirement that all costs be listed on the standard closing form, but fails to allege that costs were left off his closing form. (Id. ¶ 94.) Nor does he address the fact that RESPA does not provide a private right of action for violations of Section 2603's disclosure requirement. See, e.g., Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D.Cal.1994), aff'd, 77 F.3d 318 (9th Cir.1996). Instead, in Count VI, Plaintiff alleges a violation of a criminal statute, 18 U.S.C. § 1010, which forbids the use of counterfeit paperwork to obtain a loan from the Department of Housing and Urban Development. However, Section 1010 does not provide a private right of action and Plaintiff has not made any argument that such a right exists. See Johl v. Johl, 556 F. Supp. 5, 7 (D. Conn. 1981) ("It is clear that [Section 1010] cannot serve to provide the plaintiff, a private citizen, with a cause of action in this civil case."); see also Belle v. First Franklin, No. 08-11465, 2010 WL 3488658, at *4 (E.D. Mich.

Sept. 3, 2010) ("Plaintiffs have not established that [Section 1010] creates a private cause of action upon which a plaintiff may rely in civil litigation."). Even if Plaintiff alleged a violation of RESPA, Plaintiff's claim would still fail because "RESPA only authorizes suits by individuals who receive a loan accompanied by a kickback or unlawful referral." Alston v. Countrywide Fin. Corp., 585 F.3d 753, 763 (3d Cir. 2009) (citing In re Carter, 553 F.3d 979, 989 (6th Cir. 2009) ("RESPA does not authorize suits by members of the public at large; it authorizes suits only by individuals who receive a loan that is accompanied by an unlawful referral, which is plainly an individualized injury.")). Here, Plaintiff did not receive a loan, Deardorff did. (Doc. No. 1 ¶ 52.)

Finally, even if these multitudinous defects were cured, Plaintiff's RESPA claim would still be barred by RESPA's statute of limitations, which requires suits under RESPA to be asserted within one year of the date of the closing. 12 U.S.C. § 2614; Snow v. First Am. Title Ins. Co., 332 F.3d 356, 361 (5th Cir. 2003). Here the closing occurred on May 23, 2008. (Doc. No. 1 ¶ 49.) This suit was not filed until June 11, 2010. (Id.) Therefore, if Plaintiff had properly alleged a violation of RESPA, the claim would be barred by the statute of limitations.

### D. Negligence Claim

Finally, in Count XII Plaintiff alleges Bank of America was negligent for reasons this Court is unable to decipher. (Id. ¶¶ 152-56.) Plaintiff supports his claim of negligence by outlining the elements of a negligence action, defining vicarious liability, declaring that "[t]his Court may use its powers sitting in equity to grant any relief available due to negligence," and then requesting the Court to find against Bank of America and other named defendants. (Id.) Under Pennsylvania law, claims of negligence require a showing that the defendant owed the

plaintiff a duty recognized by law.  See Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005); Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 771 (3d Cir. 2009).  Plaintiff does not, and indeed cannot, make such a showing.  According to Plaintiff's complaint, the only relationship between Plaintiff and Bank of America is that Bank of America purchased a mortgage that was issued by a bank to an individual to whom Plaintiff sold his home.  (Doc. No. 1 ¶¶ 16-62.)  Plaintiff cannot show that Bank of America owed any duty to Plaintiff.  Nor can Plaintiff show that Bank of America is vicariously liable for the actions of the other named defendants.  Therefore, Plaintiff's negligence claim will be dismissed as futile.

**IV.     CONCLUSION**

For the reasons articulated herein, the Court finds that permitting Plaintiff to amend his complaint would be futile as to the claims brought against Bank of America.  Further, Plaintiff has failed to submit a proposed amended complaint or explain to this Court how an amendment would cure the fundamental defects in his complaint.  See Jones v. ABN AMRO Mortg. Group, Inc., 606 F.3d 119, 125-26 (3d Cir. 2010) (holding that "[i]t was not an abuse of discretion to deny the generalized request given the District Court's reasoned examination of the Joneses' claims, which demonstrates their futility").  Therefore, the Court denies Plaintiff's request to file an amended complaint (Doc. No. 6) and will grant Bank of America's motion to dismiss (Doc. No. 6). An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY DUSICH, : | |
|     Plaintiff, : | Civil Action No. 1:10-cv-1239 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| JOANNE M. SEELEY, et al., : | |
|     Defendants : | |

## ORDER

**AND NOW**, on this 29th day of October 2010, for the reasons set forth in the accompanying memorandum, it is **HEREBY ORDERED THAT**:

1. Plaintiff's motion for an extension of time to file an amended complaint, (Doc. No. 9), is **DENIED.**

2. Defendant Bank of America's motion to dismiss Counts I, II, VI, and XII, (Doc. No. 6), is **GRANTED**.

3. Defendant Bank of America is discharged from further liability in this matter and is **DISMISSED, WITH PREJUDICE**.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania