**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY DUSICH,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:10-cv-1239** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JOANNE M. SEELEY, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM ORDER</u>**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On June 11, 2010, the Court issued summons to Plaintiff for service on, <u>inter</u> <u>alia</u>, Meritage Settlement Services, Ellery Crissman, Everbank, Fidelity Closing Services, Joanne M. Seeley, S & D Property Solutions, Robert Cassel, ACCU-FAST Appraisals, Bill Bryson, Michael E. Wise, and Allsource Mortgage.  As of November 24, 2010, proof of service had not been filed with the Court as to any of the eleven aforementioned Defendants.  Accordingly, on that date the Court issued an order to show cause why those Defendants should not be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. No. 16.)  On December 10, 2010, Plaintiff filed a reply to the Court's order.  (Doc. No. 17.)  In his reply, Plaintiff claims: (1) Defendant Michael E. Wise was served on November 4, 2010; (2) Defendants Robert Cassel and ACCU-FAST Appraisal have indicated an intent to waive service; (3) Defendant Everbank is "out of business"; and (4) Plaintiff requires 30 days to serve the remaining Defendants.  (<u>Id.</u> at ¶¶ 1-7.)

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

1

Fed. R. Civ. P. 4(m).  Furthermore, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.  Plaintiff has now had 180 days to effectuate service on these Defendants, well over the 120 period provided in the Rules of Civil Procedure.

Plaintiff has attached proof of service of Defendant Michael E. Wise with his response to this Court's order to show cause.  (Doc. No. 17.)  However, service as to Defendant Wise is defective for two reasons.  First, the summons was not received until November 4, 2010.  (Doc. No. 17 at 4.)  To that end, Plaintiff did not serve Defendant Wise until 30 days after the time for service of process had run.  Fed. R. Civ. P. 4(m).  In addition, under our local rules an affidavit of service "shall be filed within fourteen (14) days" of the Defendant being served.  M.D. Pa. L.R. 4.1.  Here, an affidavit was not filed until December 10, 2010, more than three weeks after the time for the filing of the affidavit had run.[1]  Plaintiff also claims that two Defendants, Robert Cassel and ACCU-FAST Appraisal, have indicated an intent to waive service.  (Doc. No. 17 ¶ 2.)  However, no waiver has been filed with the Court as is required by Rule 4(d)(4) of the Federal Rules of Civil Procedure.  Therefore, the Court cannot conclude that service has been waived as to these Defendants.

Because the Defendants have not been properly served, this action must be dismissed unless an extension of time is warranted.  The United States Court of Appeals for the Third Circuit adopts a "two-step inquiry" into whether an extension of time is proper.  Boley v.

---

[1] Plaintiff indicates Defendant Wise's attorney "has entered his appearance in this matter and asked the Court for an extension of time to reply to the Complaint."  (Doc. No. 17 ¶ 1.)  The Court notes that no appearance has been entered on the docket from an attorney for Defendant Wise and no motion for an extension of time to respond to the complaint has been filed.

Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). "The district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." Id. (citations omitted).

Under the Rules of Civil Procedure the Court "must" extend the period for service if good cause is shown. Fed. R. Civ. P. 4(m). "[C]ourts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Plaintiff has not shown good cause why he has failed to effect service or request an extension within the period specified by the Rules. In his reply to this Court's show cause order, Plaintiff does not even make a bald assertion of "good cause." There is no indication that Plaintiff made reasonable efforts to serve process before the 120-day period ended, nor is there any indication that lack of service should be excused as a result of some matter beyond Plaintiff's control. Therefore, there are no grounds for a mandatory extension under Rule 4(m).

However, even where good cause is not shown, the Court may, in its discretion, extend the 120-day period rather than dismiss the case. Henderson v. United States, 517 U.S. 654, 662-63 (1996). Grounds for a discretionary extension of time under Rule 4(m) are somewhat amorphous. However, the Advisory Committee notes do counsel that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ." Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993). The Court notes that if these claims are dismissed it

would almost certainly result in at least some of Plaintiff's claims being barred by the statute of limitations. The Court is reluctant to bar potentially meritorious claims because Plaintiff's attorney failed to properly serve the Defendants. Therefore, the Court will grant Plaintiff a short extension of time to effect service. MCI, 71 F.3d at 1098 (holding that although a claim being barred by the statute of limitations does not constitute "good cause" requiring an extension of time, a district court does not abuse its discretion in extending the filing period to prevent claims from becoming time barred); see also Boley, 123 F.3d at 758-59 (reversing a district court's finding that the running of a statute of limitations does not constitute grounds for extending the time to serve process).

**ACCORDINGLY**, on this 16th day of December 2010, **IT IS HEREBY ORDERED THAT** any Defendants who have not been properly served by January 10, 2011, **SHALL BE DISMISSED WITHOUT PREJUDICE** from this cause of action. Plaintiff is further advised that under the Local Rules, proof of service or waiver of service must be filed promptly with the Court and may not be filed later than fourteen days after service has been effected.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania