# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY DUSICH, : | |
|     Plaintiff : | Civil Action No. 1:10-cv-1239 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| JOANNE M. SEELEY, et al., : | |
|     Defendants : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On June 11, 2010, the Court issued summons to Plaintiff for service on Meritage Settlement Services, Ellery Crissman, Everbank, Fidelity Closing Services, Joanne M. Seeley, S & D Property Solutions, Robert Cassel, ACCU-FAST Appraisals, Bill Bryson, Michael E. Wise, and Allsource Mortgage.[1] On November 24, 2010, after the time for service on these Defendants had run, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to effect service within the 120 days provided by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 16.) Plaintiff responded on December 10, 2010, by requesting an additional 30 days to serve Defendants and claiming that some Defendants had been properly served. (Doc. No. 17.) On December 16, 2010, the Court concluded that Plaintiff had not properly served any of the aforementioned Defendants. (Doc. No. 18 at 2.) The Court further found that Plaintiff had failed to demonstrate good cause for extending the time to serve Defendants. (Id. at 3) However, the Court did exercise its discretionary power to extend the

---

[1] The Court also issued summons for service on a twelfth Defendant, Bank of America. The Court granted Defendant Bank of America's motion to dismiss with prejudice on October 29, 2010. (Doc. No. 15.)

1

time for service of process in the absence of good cause until January 10, 2011. (Id. at 3-4.) The Court cautioned Plaintiff that any Defendant who had not been properly served by January 10, 2011, would be dismissed without prejudice from this cause of action. (Id. at 4.) Plaintiff did not file proof of service as to any Defendant in the additional time allotted by the Court.

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Furthermore, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. In the present matter, the Court gave Plaintiff notice that failure to serve Defendants or show good cause for his failure to serve would result in a dismissal. (Doc. Nos. 16, 18.) The Court issued one discretionary extension of the deadline to serve process. (Doc. No. 18.) That deadline has now come and gone, and seven months after the Court issued summons to Plaintiff, Plaintiff has still failed to serve any of the remaining Defendants.

**ACCORDINGLY**, on this 27th day of January 2010, **IT IS HEREBY ORDERED** that all remaining Defendants **SHALL BE DISMISSED WITHOUT PREJUDICE**. All claims having been dismissed, the clerk of court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania